No. 63199.—H. Z. Bernstein Co., Inc. v. United States, petition 7233–R (New York).

LAWRENCE, Judge: This is a petition for the remission of additional duties assessed pursuant to the provisions of section 489 of the Tariff Act of 1930 (19 U.S.C. § 1489) by reason of the undervaluation upon entry of an importation of china dinnerware imported from Germany.

H. Zachary Bernstein of H. Z. Bernstein Co., Inc., importer of record and customhouse broker, testified on behalf of petitioner. He stated that he had been associated with the petitioner herein for 26 years and was its president, and was familiar with the entry in question, inasmuch as he had supervised its preparation. From Bernstein's testimony, it appears that, prior to entry, the invoices had been submitted to the examiner together with a submission sheet and information was received that there was no value for the merchandise different from that shown on the invoices. Thereupon, the witness consulted with Mr. Goodman of B. Goodman & Co., Inc., ultimate consignee, and was informed that there had been no previous offers or orders for such merchandise.

After entry was made, Bernstein learned that some items on the invoices were entered at too low a value, whereupon he again consulted with his principal. Bernstein was advised by Goodman that the latter had communicated with the examiner and that the examiner agreed to withhold final appraisement until Goodman could obtain further information from the shippers abroad.

In the course of the following 2 months, Bernstein endeavored to contact Goodman a number of times and was advised that he was ill, which information was communicated to the examiner. At the end of the 2-month period, Bernstein, unable to obtain additional information from B. Goodman & Co., Inc., filed an amended entry but said entry was not accepted due to untimeliness. The amended entry was tendered 6 days after the date of appraisement, and until the time of his tender, Bernstein was not aware that appraisement had taken place.

Upon completion of the testimony offered on behalf of petitioner, the Government addressed the court as follows:

The Government wishes to state that based upon her agent's reports, there was nothing to show an intent to defraud the revenue of the United States, to conceal or misrepresent or to deceive the appraiser and on that basis, the Government rests.

Based upon the record before the court, we are of the opinion that entry of the merchandise at a less value than that returned on final appraisement was without any intention to defraud the revenue of the United States, or to conceal

or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, granted.

Judgment will be entered accordingly.